UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                  |                           |
|----------------------------------|---------------------------|
| **CHRISTIAN ROSADO,**            |                           |
|     **Plaintiff,** |                     |
|                                  |                           |
|                                  | CIVIL ACTION NO.          |
| v.                               | 18-10706-NMG              |
|                                  |                           |
| **PATRICK T. DEPALO, JR., et al.,** |                        |
|     **Defendants.** |                    |

**MEMORANDUM AND ORDER**

GORTON, J.

Pro se plaintiff Christian Rosado ("Rosado"), who is confined at the Souza-Baranowski Correctional Center, brings this civil rights action in which he challenges his classification as a member of a Security Threat Group ("STG"). For the reasons set forth below, the Court dismisses this action for lack of jurisdiction.

**I. Background**

The Court summarizes the most relevant allegations of the complaint. (Dkt. #1). In November 2014, when Rosado was confined at MCI Concord, prison staff conducted a search of the dormitory in which he was housed. One of the officers found a photograph among Rosado's personal property that led him to

believe that Rosado was part of an STG.  No disciplinary report was issued at the time.

In January 2015, Rosado was informed that an investigation was being opened into his possible affiliation with an STG.  On February 6, 2015, Defendant Patrick T. Depalo, Jr. ("Depalo"), the Chief of the Office of Investigative Services for the Massachusetts Department of Correction, held a hearing in which he accused Rosado of being a member of the "Latin Kings" STG.  Only Rosado and Depalo were present at the hearing, and Rosado did not have an opportunity to present witnesses or confront the officer who had found the photo that purportedly showed that Rosado was affiliated with an STG.  Rosado vehemently denied any involvement or affiliation with the Latin Kings group.

On February 12, 2015, Depalo notified Rosado that he was being designated as a member of the Latin Kings for security classification purposes.  Rosado appeal to the defendant Carol O'Brian, the Commissioner of the Massachusetts Department of Correction, who rejected the appeal.

On May 11, 2015, Rosado filed a civil action in Middlesex Superior Court against Depalo and O'Brian in which he alleged, inter alia, that the defendants' system of validating him as an STG member violated his right to due process under the Fourteenth Amendment and state law.  See Rosado v. Higgins-

O'Brien, et al., 1581CV02941 (Middlesex Superior Court, Mass.).[1] The state court granted the defendants' motion to dismiss for failure to state a claim upon which relief may be granted, finding that Rosado's "due process claim must fail because his liberty interest was not infringed by his designation as a [sic] STG." Dkt. 1-1 at 5. The Appeals Court of Massachusetts affirmed, reiterating that "[t]he decision to designate the plaintiff as a member of an STG does not . . . implicate a liberty interest arising from the due process clause." Rosado v. Comm'r of Corr., 91 Mass. App. Ct. 547, 552 (2017). On March 2, 2018, the Supreme Judicial Court denied Rosado's application for further appellate review. See Rosado v. Comm'r of Corr., 479 Mass. 1103 (2018).

In the present complaint, Rosado contends that the state trial and appellate courts failed to apply federal law properly. He further states that "[i]ndependent review is needed to correct the wrong practices and the vague security threat group proceeding with Defendant Patrick T. Depalo." Compl. ¶ 39.

## II. Discussion

Under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers

---

[1] In addition to describing his state court action in the body of the complaint, Rosado submitted various papers from the state court action as exhibits. See Dkt. #1-1, #1-2.

or employees of a governmental entity are subject to a preliminary screening. See 28 U.S.C. § 1915A(b). Further, a court has an obligation to inquire into its own subject matter jurisdiction, see McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3). In conducting this review, the Court liberally construes Rosado's complaint because he is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Under 28 U.S.C. § 1257, the Supreme Court of the United States is the only federal court with jurisdiction to review a state court judgment. See 28 U.S.C. § 1257; see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005). Thus, under the Rooker-Feldman doctrine,[1] 28 U.S.C. § 1257 prohibits a district court from exercising subject matter jurisdiction over an action brought by a party who lost in state court and who is "seeking review and rejection of that judgment" in a lower federal court. Exxon Mobile, 544 U.S. at 291; see also id. at 292 ("The Rooker-Feldman doctrine merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and

---

[1] The term "Rooker-Feldman doctrine" is shorthand reference to the Supreme Court's interpretation of 28 U.S.C. § 1257 in District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to this Court, see § 1257(a)." (quoting Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 644 n.3 (2002))).

Here, Rosado explicitly asks this Court to review and reject the judgments of the state court. Under the Rooker-Feldman doctrine, the Court lacks jurisdiction to do so. "[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment." Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps, 471 F.3d 220, 223 (1st Cir. 2006).

### III. Conclusion

Accordingly, this action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. The motion for leave to proceed in forma pauperis is denied as moot, and Rosado is not required to pay a filing fee in this action.

**SO ORDERED.**

                                          /s/ Nathaniel M. Gorton  
                                          Nathaniel M. Gorton  
                                          United States District Judge

Dated: 5/2/2018